# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

United States of America,

        Plaintiff,

v.

William Wellington Williams,

        Defendant.

**ORDER**
Criminal No. 12-135 ADM/AJB
Civil No. 16-1927 ADM

_____

Kevin S. Ueland, Assistant United States Attorney, United States Attorney's Office, Minneapolis, MN, on behalf of Plaintiff.

William Wellington Williams, pro se.

_____

On August 3, 2012 Defendant William Wellington Williams ("Williams") entered a plea of guilty to aiding and abetting bank robbery, in violation of 18 U.S.C. §§ 2 and 2113(a). See Minute Entry [Docket No. 53]; Plea Agreement [Docket No. 54].[1] Williams was previously convicted of bank robbery in 2004.

Williams was sentenced on November 20, 2012. Min. Entry [Docket No. 74]. The Court found that he was a career offender under § 4B1.1 of the United States Sentencing Guidelines, which resulted in an enhanced base offense level and an applicable Guideline range of 151 - 188 months imprisonment. Statement Reasons [Docket No. 76] at 1; Sentencing Tr. [Docket No. 82] at 3–4. The Court sentenced Williams to 151 months imprisonment, the low end of the applicable Guideline range, and three years supervised release. Sentencing J. [Docket No. 75].

Williams appealed his sentence to the Eighth Circuit Court of Appeals, arguing that his sentence was substantively unreasonable. United States v. Williams, 536 F. App'x 670, 671

---

[1] All docket citations are to the Criminal Docket.

(2013). The Eighth Circuit Court affirmed the sentence. Id.

On June 13, 2016, Williams filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence [Docket No. 91] (the "Motion"). In the Motion, Williams argues that in light of the Supreme Court's decision in Johnson v. United States, 135 S. Ct. 2551 (2015), he no longer qualifies as a career offender under § 4B1.1(a) of the Sentencing Guidelines because his bank robbery convictions no longer meet the definition of a "crime of violence" under § 4B1.2(a) of the Sentencing Guidelines.[2]

On July 11, 2016, the Motion was stayed pending resolution of Beckles v. United States. See Order [Docket No. 94]. The question presented in Beckles was whether Johnson's holding—that the residual clause of the Armed Career Criminal Act is unconstitutionally vague—extended to the identically worded residual clause in § 4B1.2(a)(2) of the Sentencing Guidelines. Because Beckles was likely to have a significant effect on the resolution of Williams' Motion, the Government's Motion to Stay [Docket No. 93] was granted.

On March 6, 2017, the Supreme Court held the residual clause in § 4B1.2(a)(2) is not

---

[2] At the time Williams was sentenced, § 4B1.2(a) of the sentencing guidelines defined a "crime of violence" as:

> any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that--
>
> > (1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or
> >
> > (2) is burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

U.S.S.G. § 4B1.2(a) (2012). The "or otherwise" clause in § 4B1.2(a)(2) is referred to as the "residual clause." United States v. Benedict, 855 F.3d 880, 888 (2017).

2

void for vagueness.  Beckles v. United States, 137 S. Ct. 886, 892 (2017).  Since Williams' Motion rests entirely upon his contention that Johnson's holding would be extended to the career offender enhancement under the Sentencing Guidelines, Beckles squarely forecloses Williams' Motion.

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Defendant William Wellington Williams' Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence [Docket No. 91] is **DENIED**.  A certificate of appealability shall not issue.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

BY THE COURT:


  s/Ann D. Montgomery  
ANN D. MONTGOMERY  
U.S. DISTRICT JUDGE

Dated: June 15, 2017.