# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

United States of America,

    Plaintiff,

v.

William Wellington Williams,

    Defendant.

**ORDER**
Criminal No. 12-135 ADM/AJB
Criminal No. 04-254 ADM/AJB

_____

Michael L. Cheever, Assistant United States Attorney, United States Attorney's Office, Minneapolis, MN, on behalf of Plaintiff.

William Wellington Williams, pro se.

_____

This matter is before the undersigned United States District Judge for a ruling on Defendant William Wellington Williams' ("Williams") Motion for Compassionate Release from Custody or Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(1)(A) [2012 Case Docket No. 121] [2004 Case Docket No. 91]. For the reasons stated below, the Motion is denied.

On August 3, 2012, Williams entered a plea of guilty to aiding and abetting bank robbery, in violation of 18 U.S.C. §§ 2 and 2113(a). <u>See</u> Min. Entry [Docket No. 53]; Plea Agreement [Docket No. 54].[1] At the time he committed the crime, Williams was on supervised release for a bank robbery conviction from 2004.

On November 20, 2012, Williams was sentenced to a term of 151 months for the 2012 robbery. Min. Entry [Docket No. 74]; Sentencing J. [Docket No. 75] at 2. He was also sentenced to 24 months for violating the conditions of release in his 2004 case, to be served

---

[1] Unless otherwise noted, all docket citations are to the 2012 case.

consecutively to the sentence imposed in the 2012 case. Sentencing J. [2004 Case Docket No. 85] at 2. Williams appealed his sentence, and the Eighth Circuit Court of Appeals affirmed. United States v. Williams, 536 F. App'x 670, 671 (8th Cir. 2013).

Williams is serving his sentence at the United States Penitentiary in Pollock, Louisiana ("USP Pollock"). His anticipated release date is January 13, 2025. See Federal Bureau of Prisons, https://www.bop.gov/inmateloc/ (last visited May 27, 2021).

Williams now moves for a compassionate release sentence reduction under 18 U.S.C. § 3582(c)(1)( A). Williams, age 37, argues that he has a history of asthma and abnormal kidney function, and that these health conditions that place him at heightened risk for the COVID-19 virus. He states that he tested positive for COVID-19 in November 2020, and that his health conditions worsened after having the virus. Mot. at 2; Reply [Docket No. 130] at 2. Williams' medical records show that on February 8, 2021, he was evaluated by the Bureau of Prison's health services based on his complaints that he becomes short-winded when exercising, and that he experiences swelling in his lower extremities and pain in his kidneys after eating salty foods. Def. Ex. B [Docket No. 121, Attach. 2] at 4–8. He also reported that he has fainted three times, though no one was present to witness the fainting episodes. Id. at 4, 7–8. Williams contends that his "vulnerable health status and the presence of the [COVID-19] virus in his facility " constitute extraordinary and compelling reasons warranting a sentence reduction. Reply at 3.

Generally, a "court may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). One of the few exceptions to this general rule is the compassionate release provision of 18 U.S.C. § 3582(c)(1)(A). Under this provision, a court may reduce a term of imprisonment if, "after considering the factors set forth in section 3553(a)," the court finds that

2

"extraordinary and compelling reasons" warrant a sentence reduction, "and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A).

Williams' health conditions do not constitute extraordinary and compelling circumstances warranting a compassionate release sentence reduction. Williams' medical records do not suggest that his conditions are severe, and at age 37 he is considerably younger than the category of adults most vulnerable to COVID-19. Further, Williams' recovery after a positive COVID-19 test result likely lowers his risk of re-infection. The CDC states that "[c]ases of reinfection with COVID-19 have been reported, but remain rare." CDC, Reinfection with COVID-19, https://www.cdc.gov/coronavirus/2019-ncov/your-health/reinfection.html (last visited May 27, 2021). A number of courts have declined to grant compassionate release based on fears about reinfection. See United States v. Billings, No. 19-cr-99, 2020 WL 4705285, at *5 (D. Colo. Aug. 13, 2020) (listing cases).

Additionally, Williams does not have a particularized risk of contracting COVID-19 at USP Pollock. There are currently no active inmate cases of COVID-19 at the facility, and only one active staff case. Federal Bureau of Prisons, COVID-19 Coronavirus, https://www.bop.gov/coronavirus/ (last visited May 27, 2021). Moreover, 285 staff members and 1471 of the 2,662 inmates at the Pollock complex have been vaccinated against COVID-19. Id.

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Defendant William Wellington Williams' Motion for Compassionate Release from Custody or Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(1)(A) [2012 Case Docket No. 121] [2004 Case Docket No. 91] is **DENIED**.

BY THE COURT:

    s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT COURT

Dated: May 27, 2021